IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| HILLERICH & BRADSBY CO., | ) | CV 11-75-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ACE AMERICAN INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    ACE American Insurance Company moves to transfer this case to the Southern District of New York. Hillerich and & Bradsby Company ("H&B") opposes the motion. The Court denies it. Because the parties are familiar with the facts of this case, they are discussed here only when necessary to explain the Court's decision.

    A court may change venue under 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

    The parties do not dispute that H&B could have properly filed this lawsuit

1

in the Southern District of New York. The question is whether a change of venue will serve the interests of justice and will be more convenient for the parties and witnesses.

There is no exhaustive list of factors to apply in determining whether a change of venue is appropriate. Instead, in addition to the factors enumerated in the statute, "[C]ourts have traditionally focused upon a host of other considerations, the determinations basically turning on the facts of each case." *Anderson v. Thompson,* 634 F. Supp. 1201, 1204 (D. Mont. 1986). Factors frequently considered include:

1. the plaintiff's choice of forum,

2. the location where the relevant agreements were negotiated and executed,

3. the convenience of witnesses,

4. the ability of the two forums to compel non-party witnesses to testify,

5. the respective parties' relative contacts with the forums,

6. the state that is most familiar with the governing law,

7. the relative congestion in the two forums,

8. The length of time action has already been pending in the transferor forum,

    9.    ease of access to sources of proof, and

    10.    whether there is a "local interest" in either of the forums.

*Brunner v. Bawcom*, 2010 WL 3724436 at *7 (D. Mont. 2010); *Jones v. GNC Fran., Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

The weight accorded to these factors is left to the sound discretion of the trial judge. *See e.g. Commodity Futures Trading Commn. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). But, as the party seeking transfer, ACE carries the burden of making a "strong showing" that the factors weigh in favor of a change in venue. *See Anderson*, 634 F. Supp. 2d at 1204.

## I.    Factors (1) and (2): the plaintiff's choice of forum and the location where the relevant agreements were negotiated and executed

Montana is not H&B's home forum. H&B is a Kentucky corporation with its primary place of business in Kentucky. The weight given to H&B's choice of Montana as a forum turns on whether the operative facts of its claims took place in Montana.

The affidavits submitted by ACE show that H&B's insurance broker and ACE's underwriter negotiated the basic terms of the insurance policy in New York. But those affidavits also show that the Endorsement was likely drafted in Philadelphia. There is simply no evidence showing that the Endorsement was

3

discussed or executed in New York. Thus, while the operative facts of negotiating and drafting the *policy* slightly favor transfer to New York, the operative facts surrounding the issuance of the *self-insured endorsement* do not favor transfer. Thus, ACE has not met its burden of making a "strong showing" that the operative facts surrounding the relevant agreement—the Endorsement—arose in New York.

And, as to H&B's claim under Montana's Unfair Trade Practices Act, none of the operative facts took place in New York. There is an important distinction between the interpretation of an insurance contract and the insurer's handling of a claim. While the relevant facts surrounding the former naturally arise in the location where the insurer and insured discussed the terms of the contract, the facts regarding the latter center on where the insurer makes coverage decisions and where it then communicates those decisions to the insured. *See e.g. Lorang v. Fortis Ins. Co.*, 192 P.3d 186, 210–211 (Mont. 2008). Here, none of the operative facts giving rise to ACE's bad-faith claim took place in New York.

H&B's lawsuit is sufficiently connected to Montana such that its choice of forum is entitled "great weight" and weighs against transfer. *Lou*, 834 F.2d at 739.

## II. Factor (3): convenience of witnesses

Another factor to consider is whether a failure to change venue will result in a "severe inconvenience" for those witnesses it wishes to call. *Anderson*, 634 F.

Supp. at 1207. A court should not transfer venue when the transfer would merely shift the inconvenience from the defendant to the plaintiff. *Decker Coal Co. v. Cmmw. Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

ACE has failed to meet its burden of establishing severe inconvenience for its witnesses if trial is held in Montana. First, as to the breach of insurance contract claims, the Court is not convinced that witnesses will be necessary to resolve the dispute as to whether the Endorsement covers certain legal costs associated with the *Patch* case. And, given ACE's failure to affirmatively show the current whereabouts of Lafakis and Messery, the Court cannot conclude that it would be more convenient for these witnesses to attend trial in New York City, as opposed to Montana. So the Court cannot determine that holding trial in Montana would "severely inconvenience" either of these witnesses. *Brunner*, 2010 WL 3724436 at *8. Even if a transfer would be more convenient for ACE's witnesses, H&B has shown that it would be inconvenient for its bad-faith witnesses to attend trial in New York. At best, a transfer of venue would impermissibly shift inconvenience from ACE to H&B. *Decker Coal Co.*, 805 F.2d at 843.

### III.  Factor (4): Compulsory Process

Under Rule 45(b)(2)(A)–(B) of the Federal Rules of Civil Procedure, a subpoena requiring the attendance of a witness at a trial may be served at any

place within the district in which the trial is being held, or at any place within 100 miles of the district.

Here, ACE and H&B identify four potential non-party witnesses: Zielinski (former ACE claims-handling supervisor), Messery (former ACE underwriter), Lafakis (former H&B insurance broker), and Drake (attorney for the Patch family).

Assuming Zielinski still resides in Sinking Spring, Pennsylvania, he is beyond the Southern District's reach. Thus, the Southern District, like Montana, lacks the ability to compel Zielinski to attend trial. The Southern District would, however, have the power to compel Messery to attend trial, assuming he still resides in the last known address offered by ACE—Hasbrouck Heights, New Jersey. It is unknown whether Lafakis would be within the Southern District's reach, as the only evidence as to his current employment is a social-networking website that puts Lafakis working in the "Greater New York City area." But Drake resides within this district, in Helena, Montana. The Southern District would not be able to compel him to testify, but this Court could.

Given these tradeoffs and unknowns, the Court finds this factor to be neutral.

**IV.   Factor (5):  The respective parties' contacts with the forum.**

When a case involves nationwide entities, this factor is typically not useful.

*See e.g. Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1192 (S.D. Cal. 2007). H&B and ACE are both incorporated in states other than Montana and New York. H&B is Kentucky corporation with its principal place of business in Kentucky, and ACE is a Pennsylvania corporation with its principal place of business in Pennsylvania. In this regard, the parties have no greater contacts with New York than Montana, making this factor weigh against transfer. *Id.*

### V.     Factor (6):  Familiarity of State Law

This factor weighs against transfer at this juncture. The only law that definitely applies to the case is Montana's choice-of-law rules. *See Costco Wholesale Corp.*, 472 F. Supp. 2d at 1191. The parties agree that Montana's choice-of-law rules apply if the Court keeps the case here. *See Arno v. Club Med Inc.*, 22 F.3d 1464, 1467 (9th Cir. 1994). And they apply if the Court transfers the case to the Southern District of New York. *See Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 965 (9th Cir. 1993). Having a federal court familiar with Montana's conflict-of-law rules is a significant concern because of the confusing turn Montana's choice-of-law jurisprudence recently took in *Tucker v. Farmers Ins. Exch.*, 215 P.3d 1 (Mont. 2009). *See Great Am. Assur. Co. v. Discover Prop. and Cas. Ins. Co.*, 779 F. Supp 2d 1158 (D. Mont. 2011).

7

The Court need not resolve, at this point, whether Montana law or New York law will ultimately apply.

## VI. Factors (7) & (8): The relative court congestion in the two forums and the length of time action has already been pending in the transferor forum

One of the practical factors a court may consider in a discretionary transfer motion is the docket congestion in the transferee forum as compared to the docket congestion in the transferor forum. *Parsons v. Chesapeake & O. Ry. Co.*, 375 U.S. 71, 73 (1963) (per curiam). Although neither party has submitted evidence on this issue, other courts have used statistics collected by the federal government that show the median time necessary to resolve a case in varying districts. *See e.g. Saleh*, 361 F. Supp. 2d at 1167 n.2 (comparing Southern District of California's docket to Eastern District of Virginia's docket). These statistics show that the time necessary to resolve a case in the Southern District of New York takes, on average, 38.5 months while the District of Montana takes only 9.6 months. *See* Administrative Office of the United States Courts, *Federal Judicial Caseload Statistics, Table C–5: Time Intervals From Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition*, at 1, 3 (March 31, 2011) (available at http://www.uscourts. gov/Viewer.aspx?doc=/uscourts/ Statistics/FederalJudicialCaseloadStatistics/2011/tables/C05Mar11.pdf) (last

visited May 24, 2012). This factor weighs against transfer.

## VII. Factor (9): The ease of access to sources of proof.

Although technological advances have made accessing remote evidence much less burdensome, this factor is not superfluous. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008) (en banc). This is particularly true in the case of immovable evidence that is located in the transferee forum. *See e.g. Dicken v. United States*, 862 F. Supp. 91, 94 (D. Md. 1994) (when "core issue" in tort claim was condition of staircase, actual inspection was preferable to photographs). There is no immovable evidence at issue in this case, and both parties agree that this factor is accorded minimal weight.

## VIII. Factor 10: localized interest in the resolution of the dispute.

ACE has failed to demonstrate that New York has a more significant interest in the disposition of this case than Montana does. In fact, ACE does not mention a single reason why New York has an interest in a dispute between Kentucky and Pennsylvania corporations regarding a trial that was held in Montana. This factor weighs against transfer.

## CONCLUSION

ACE has failed to make a "strong showing" that the relevant factors favor a transfer of venue to the Southern District of New York. The Court therefore

concludes that ACE is not entitled to a discretionary change of venue under 28 U.S.C. § 1404(a).

IT IS ORDERED that ACE American Insurance Company's motion to change venue (doc. 21) is DENIED.

Dated this 20th day of June 2012.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT