IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| HILLERICH & BRADSBY CO., | ) | CV 11-75-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ACE AMERICAN INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Hillerich & Bradsby Co. moves for a declaration of applicable law. The Court heard the parties at a hearing on the motion on September 20, 2012. Hillerich & Bradsby argues that Montana law applies, and ACE American Insurance Company argues that New York law applies. The Court's application of either Montana law or New York law, though, would produce substantially the same result. Since there is a "false conflict" between Montana and New York law, Montana law applies.

1

## BACKGROUND

This case arises out of the *Patch* case that was tried and appealed in state court. Brandon Patch played baseball in Miles City, and that is where the underlying accident occurred. He was hit and killed by a ball batted from an aluminum bat manufactured by Hillerich & Bradsby, whose principal place of business is Kentucky.

Prior to Patch's accident, ACE American had issued an insurance policy to Hillerich & Bradsby. ACE American argues that (1) the policy was negotiated in New York and (2) the policy does not cover the appeal fees and post-judgment interest that Hillerich & Bradsby incurred in the *Patch* case.

Hillerich & Bradsby filed this case against ACE American, alleging breach of contract and violations of Montana's Unfair Trade Practices Act. It argues that the policy covers its appeal fees and post-judgment interest. Hillerich & Bradsby now moves for a declaration that Montana law governs its claims.

## ANALYSIS

A person seeking to have foreign law applied must show that a true conflict exists. *Modroo v. Nationwide Mut. Fire Ins. Co.*, 191 P.3d 389, 395 (Mont. 2000). If there is only a "false conflict," because the laws of Montana and the foreign law are "substantially the same and would produce the same results," then Montana

law applies. *Id.* (quoting *In re Guardianship of Mowrer*, 979 P.2d 151, 161 (Mont. 1999)).

Hillerich & Bradsby claims that Montana and New York law are substantially the same and would produce the same results. So, they argue, Montana law should apply. ACE American, on the other hand, claims that Montana and New York law differ in two material respects: (1) the states interpret contract ambiguities differently and (2) the states treat bad faith claims and punitive damages differently. The states' laws, though, do not differ substantially.

I.  **Contract interpretation**

At an abstract level, Hillerich & Bradsby and ACE American agree that both Montana and New York construe insurance contract ambiguities against the insurer. ACE American, though, argues that the states' laws differ because, unlike Montana courts, New York courts do not consider extrinsic evidence to first determine whether a contractual ambiguity exists. Instead, ACE American claims, New York courts look to only the four corners of the contract to determine if there is an ambiguity. If there is an ambiguity, only then do New York courts look to extrinsic evidence to resolve the ambiguity. If that evidence is not helpful, then New York courts construe the ambiguity against the insurer. ACE American argues that, in Montana, on the other hand, courts look to extrinsic evidence to

3

determine whether an ambiguity exists, but not to resolve it. If there is an ambiguity, then Montana courts resolve it against the insurer without looking to extrinsic material as evidence of intent. Hillerich & Bradsby counters that ACE American is trying to create a conflict of law where none exists—both states analyze ambiguities in a similar way. Hillerich & Bradsby is correct.

    A.    **Montana law governing contract interpretation**

Like all other courts, Montana courts apply the plain language of a contract, unless the contractual language is ambiguous. *Anaconda Pub. Schs., Bd. of Trustees of Anaconda Sch. Dist. No. 10 v. Whealon*, 268 P.3d 1258 (Mont. 2012).

Montana courts may look to extrinsic evidence both to determine whether an ambiguity actually exists and then to resolve that ambiguity. *Id.* at 1262 (citing Mont. Code Ann. § 28–2–905; *Baker Revocable Trust*, 164 P.3d at 857); *Richards v. JTL Group, Inc.*, 212 P.3d 264, 274 (Mont. 2009) (citing *Baker Revocable Trust*, 164 P.3d at 866, 869–70).

"An ambiguity exists where the language of a contract, as a whole, reasonably is subject to two different interpretations." *Id.* (citations and internal quotation marks omitted). "If the court determines that the instrument contains no ambiguity, then the extrinsic evidence may not be considered further." *Baker Revocable Trust*, 164 P.3d at 866. "If the court finds that contract language is

ambiguous, it may consider extrinsic or parol evidence to resolve the ambiguity." *Anaconda Pub. Schs.*, 268 P.3d at 1262 (citing Mont. Code Ann. § 28–2–905; *Baker Revocable Trust*, 164 P.3d at 857–858).

When considering extrinsic evidence—whether to determine if an ambiguity exists or to resolve the ambiguity—Montana courts consider only "objective" extrinsic evidence. *Baker Revocable Trust*, 164 P.3d at 866. "Objective" evidence includes "the situation of the subject of the instrument and of the parties to it." *Id.* (citing Mont. Code Ann. § 1–4–102). Stated differently, "objective" extrinsic evidence "'is evidence of ambiguity that can be supplied by disinterested third parties, such as custom or usage of the trade. This kind of evidence is admissible because the ability of one of the contracting parties to fabricate such evidence is limited.'" *Id.* (quoting *Home Ins. Co. v. Chicago & Northwestern Transp. Co.*, 56 F.3d 763, 768 (7th cir. 1995)).

Courts cannot consider "subjective extrinsic evidence." "[S]ubjective evidence of ambiguity is 'the testimony of the parties themselves as to what they believe the contract means, which is invariably self-serving, inherently difficult to verify and thus, inadmissible.'" *Richards*, 212 P.3d at 273–74 (quoting *Baker Revocable Trust*, 164 P.3d at 866).

If the intent is still uncertain in light of the objective extrinsic evidence,

5

then "the provisions should properly be construed against the party causing the uncertainty." *Ellingson Agency, Inc. v. Baltrusch*, 742 P.2d 1009, 1012 (Mont. 1987); *see also Corp. Air v. Edwards Jet Ctr.*, 190 P.3d 1111, 1121 (Mont. 2008).

### B. New York law governing contract interpretation

New York's approach is virtually identical. Indeed, according to the case that ACE American relies on—*Morgan Stanley Group Inc. v. New England Ins. Co.*, 225 F.3d 270, 275 (2nd Cir. 2000):

> Once a court concludes that an insurance provision is ambiguous, the court may accept any available extrinsic evidence to ascertain the meaning intended by the parties during the formation of the contract. If the extrinsic evidence does not yield a conclusive answer as to the parties' intent, a court may apply other rules of contract construction, including the rule of *contra preferentem*, which generally provides that where an insurer drafts a policy any ambiguity in [the] . . . policy should be resolved in favor of the insured.

(citations and internal quotation marks omitted).

In both New York and Montana, then, extrinsic evidence may be considered in order to ascertain the intent of the parties and the meaning of the contract. And, in both states, if the extrinsic evidence does not provide any resolution to the ambiguity, the ambiguity should generally be construed in favor of the insured. Since New York's and Montana's laws governing contract interpretation are "substantially the same and would produce the same results," Montana law applies

6

to Hillerich & Bradsby's breach of contract claim. *See Modroo*, 191 P.3d at 395.

## II. Unfair Trade Practices Act ("bad faith")

Montana has rejected the "bad faith" tort for insureds[1] and has instead adopted a statutory cause of action for mishandling of insurance claims—the Unfair Trade Practices Act. *See* Mont. Code Ann. §§ 33–18–201; 33–18–242(3). Insureds in Montana can recover punitive damages under the Unfair Trade Practices Act if they can show, by clear and convincing evidence, that the insurer committed "actual fraud" or "actual malice." *Id.* at § 27–1–221; *see Dees v. Am. Nat. Fire Ins. Co.*, 861 P.2d 141 (Mont. 1993).

New York law provides a common law cause of action for breaching the covenant of good faith and fair dealing in insurance cases, which is essentially that state's version of a bad faith claim. *See Bi-Economy Market, Inc. v. Harleysville Ins. Co. of N.Y.*, 886 N.E.2d 127, 131 (N.Y. 2008). And New York's most recent case law suggests that punitive damages are available where "the insurer's conduct was egregious or fraudulent, or [where] it evidenced wanton dishonesty so as to imply a criminal indifference to civil obligations directed at the public generally." *O'Keefe v. Allstate Ins. Co.*, 90 A.D.3d 725, 726 (N.Y. App. Div. 2d Dept. 2011).

---

[1] Unlike insureds, third-party claimants still have a common law cause of action for bad faith. *See Brewington v. Employers Fire Ins. Co.*, 992 P.2d 237, 239–41 (Mont. 1999).

7

Contrary to ACE American's assertion, then, an insured need not make an independent tort claim before pursuing punitive damages for bad faith.

The only notable difference between Montana's and New York's laws is that Montana's cause of action is statutory and New York's is common law. Both states recognize a private right of action for bad faith, and both allow the recovery of punitive damages. For all intents and purposes, Montana and New York law are "substantially the same and would produce the same results." *Modroo*, 191 P.3d at 395. Montana law therefore applies.

## III. Advisory opinion

At the hearing on this motion, ACE American argued for the first time that any ruling prior to the filing of motions for summary judgment would be an advisory opinion. ACE American claims that the Court should not issue a ruling prior to motions for summary judgment because neither the Court nor the parties now know whether interpretation of the contract will depend on extrinsic evidence. According to ACE American, if no extrinsic evidence is necessary, then no conflict exists, and no conflicts-of-law analysis is necessary.

A ruling on the conflicts-of-law question would not be an advisory opinion at this point. Advisory opinions are those that "advis[e] what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227,

241 (1937). Here, ACE American claims that the facts are hypothetical at this point because no one knows whether the Court must look to extrinsic evidence to resolve any contractual ambiguities. The Court need not deal in hypotheticals to resolve the conflicts-of-law issue, though, because, regardless of whether the Court must look to extrinsic evidence, New York law and Montana law are substantially the same and Montana law therefore applies.

Moreover, the parties need to know which law to apply in order frame their motions for summary judgment. Requiring the parties to file a "New York version" of their motion and a "Montana version" would be superfluous. As ACE American argued in its response brief, there is a live controversy as to which law applies. That law is Montana's.

## CONCLUSION

Montana law applies because Montana's law governing contract interpretation and unfair trade practices or bad faith is substantially the same as New York's law.

IT IS ORDERED that Hillerich & Bradsby Co.'s motion for a declaration of applicable law (doc. 33) is GRANTED. Montana law, and not New York law, governs this case.

DATED this 20th day of September 2012.

/s/ Donald W. Molloy
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT