IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| HILLERICH & BRADSBY CO., | ) | CV 11-75-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ACE AMERICAN INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

Hillerich & Bradsby Company ("H&B") and ACE American Insurance Company both move for summary judgment. The Court held a hearing on the motions on March 6, 2013. The Court will later issue a detailed opinion on the motions, but the Court is prepared to now announce its decision. ACE's motion for summary judgment is granted, and H&B's motion is denied.

The Court grants ACE's motion for two reasons. First, ACE satisfied the requirements of section IV.II.2.h ("Paragraph h") of the Endorsement.[1] ACE

---

[1] Paragraph h reads:

When the insured's liability is reasonably expected to exceed the "Self Insured Retention" stated in the Declarations, we may request the

1

recommended a "settlement" to H&B that would have been acceptable to the Patches, but H&B refused to consent to that recommendation. The agreement to pay the $850,000 judgment would have been a binding contract. *See Carlson v. St. Farm Mut. Auto. Ins. co.*, 76 F. Supp. 2d 1069 (D. Mont. 1999); *Kluver v. PPL Mont. LLC*, ___ P.3d ___, 2012 WL 6740152 at *7 (Mont. 2012). In particular, had ACE and H&B paid the $850,000 judgment to the Patches, that payment would have been supported by adequate consideration. The Patches would have received payment of the judgment without the risk of that judgment being vacated on appeal. And H&B and ACE would have been relieved of the obligation to pay post-judgment interest, among other benefits provided by the release.

---

> insured to tender the remaining limits of the "Self Insured Retention" in order to complete the settlement of any such claim or "suit". The insured will not unreasonably withhold its consent to our request to tender remaining limits of the "Self Insured Retention". Upon notification of the action taken, the insured shall promptly reimburse us for such part of the "Self Insured Retention" that has been paid by us. If we recommend a settlement which is acceptable to a claimant, which exceeds the "Self Insured Retention," and is within the Limit of Liability, and the insured refuses to consent to such settlement offer, then our liability shall not exceed the amount for which the claim could have been settled if our recommendation had been accepted, exclusive of the "Self Insured Retention" to effect settlement of any claim or "suit" nor shall we have any obligation to pay any "ALAE" incurred in excess of the "ALAE Self Insured Retention" after the time we requested you tender the remaining limits.

(Endorsement, doc. 7-1 at 47.)

Since ACE satisfied the requirements of Paragraph h, it had no "obligation to pay any 'ALAE' incurred in excess of the 'ALAE Self Insured Retention' after the time [it] requested [H&B to] tender the remaining limits." (Endorsement, doc 7-1 at 47).

H&B's reading of the "unreasonably withhold its consent" provision in Paragraph h is not reasonable. The plain language of that provision means only that H&B cannot unreasonably withhold its consent to tender the self-insured retention if ACE requests that tender. It does not mean that H&B can force ACE to continue paying ALAE as long as H&B is reasonably withholding consent to a settlement.

Second, ACE satisfied the post-judgment interest provision in Section I of the Endorsement.[2] The paragraph containing this provision is not an "assumption

---

[2] The paragraph containing that provision reads:

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Allocated Loss Adjustment Expenses – Coverages A and B below, but we shall have the right and opportunity to assume from the insured the defense and control of any claim or "suit", including any appeal from a judgment seeking payment of damages covered under this policy that we believe are likely to exceed the "Self Insured Retention." In such event, we and the insured shall cooperate fully. We shall pay interest only on that amount of any judgment we pay that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court that part of the judgment that is within the applicable limit of insurance shown in the

of the defense clause." If anything, it is a catch-all provision tacked onto the end of Section I. True, it discusses what happens if ACE assumes the defense, but it discusses other matters, too. The first half of the first sentence, for example, applies regardless of whether ACE has assumed the defense. The same is true with the last two sentences.

ACE did not have to pay post-judgment interest after November 17, 2009, because it "offered to pay . . . that part of the judgment that is within the applicable limit of insurance shown in the Declarations." ACE did not have to pay the entire $850,000 judgment, including H&B's $250,000 self-insured retention, because the "applicable limit of insurance" is the amount of money that ACE will pay in excess of the self-insured retention. Section III.2 of the Endorsement reads: "The LIMITS OF INSURANCE as shown in the Declarations shall apply in excess of the 'Self Insured Retention' shown in the Declarations. You agree to assume payment of the 'Self Insured Retention.'" (Endorsement, doc. 7-1 at 44.)

Here, the "part of the judgment that is within the applicable limits of insurance" is $600,000—i.e., $850,000 minus the $250,000 self-insured retention.

> Declarations. But the amount we will pay for damages and Allocated Loss Adjustment Expenses that are in excess of the "Self Insured Retention" is limited as described in Section III – Limits of Insurance.

(Endorsement, doc. 7-1 at 42).

4

ACE offered to pay that amount, so it was relieved from paying further post-judgment interest after it made that offer.[3]

For these reasons, which will be explained in more detail in an opinion to follow, ACE's motion for summary judgment is granted, and H&B's motion for summary judgment is denied.

IT IS ORDERED that ACE American Insurance Company's motion for summary judgment (doc. 58) is GRANTED. Hillerich & Bradsby Company's motion for summary judgment (doc. 54) is DENIED. The Court will later issue a detailed opinion addressing these motions.

IT IS FURTHER ORDERED that, no later than March 21, 2013, the parties shall show cause why H&B's remaining claims should not be dismissed without prejudice, in light of this order. The parties shall also show cause why H&B's motion to strike (doc. 61), as well as ACE's oral motion to extend the motions deadlines, should not be dismissed as moot.

DATED this 7th day of March 2013.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

---

[3] Contrary to H&B's suggestion, the Endorsement does not require ACE to have extended that offer to the Patches. The provision only requires ACE to have made an offer to pay the applicable portion of the judgment, which it did.